CHASEZ, Judge.
This suit is before this Court on appeal from a judgment maintaining an exception of res judicata filed on behalf of the defendant, T & R Demolishing and Construction Company, Inc. to the petition of the plaintiff, Gordon Finance Corporation. The plaintiff is suing for damages for the alleged destruction which occurred to an automobile parked in front of a building, which was being demolished by the defendant, as a result of the alleged negligence of the defendant in causing and permitting a wall of the building to fall on the said automobile. The *65 plaintiff also alleged that the defendant had wrongfully converted the automobile after its destruction, and alternatively prayed for damages for the wrongful conversion and/or destruction of the plaintiff’s security on a mortgage and note described in the petition.
The plea of res judicata was founded on a judgment rendered in the record numbered 96-578 of the First City Court of the City of New Orleans. That suit was instituted on July 22, 1966 by the instant plaintiff against the instant defendant for negligence based on the same incident sued upon here. The petition in that suit contained the following allegation:
“On May 9, 1966, a Chevrolet automobile belonging to Plaintiff was legally and properly parked in the 2900 block of Toulouse Street, New Orleans, Louisiana.” (Emphasis added.)
To that allegation an exception of no right of action was raised, it being the defendant’s contention that the plaintiff was not the owner of the vehicle allegedly damaged and therefore had neither a real nor actual interest in the claim asserted. A trial of the exception was had, and the Court, after hearing the matter and awaiting the submission of memorandums by the parties, rendered judgment maintaining the exception and dismissing the suit of the plaintiff on November 7, 1966.
The plaintiff did not appeal, but subsequently filed this suit on December 8, 1966 (and incidentally this case was allotted to the same Judge) and alleged:
II.
“Plaintiff made a loan to one, Florence R. Reed, said loan being secured by mortgage on a 1957 Chevrolet two-door automobile, all as more fully set out and shown by reference to a copy of the Chattel Mortgage executed in connection with the loan, attached hereto and made a part hereof as if copied in extenso and designated as Exhibit “A”.
III.
“In connection with the mortgage described hereinabove, Florence R. Reed executed an installment note paraphed ne varietur for identification with the mortgage aforesaid, attached hereto and made a part hereof as if copied in extenso and designated Exhibit “B”.
IV.
“The said Florence R. Reed defaulted in the payment on the mortgage and note aforesaid and, in order to obtain payment and cancellation of the debt, she voluntarily transferred and assigned the vehicle described in the mortgage to plaintiff herein, all as is more fully shown by reference to assignment designated Exhibit “C” which is attached hereto and made a part hereof as if copied in extenso.
V.
“Plaintiff .is a licensed automobile dealer, as shown by reference to Plaintiff’s license, attached hereto as Exhibit “D” and made part hereof as if copied in extenso and, therefore, under the authority of L.S.A. :R.S. 37:705(1) [32:705(1)], Plaintiff did not obtain the transfer of the title of the vehicle to his name. At all times pertinent hereto, Plaintiff held the title to the vehicle herein described for transfer to or by himself.
VI.
“In the mortgage executed by Florence R. Reed, Exhibit “A”, mortgagee, Plaintiff, is given the right and the authority, in the event of damage to or destruction to the vehicle by a third party, and is subro-gated to the right, to bring suit against the third party, Defendant herein, for recovery of the damages suffered.”
*66 The statutory authority for the rule of res judicata is Article 2286 of the Civil Code:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
To the plea, the plaintiff argues: (1) that the quality of the parties must be the same in order for res judicata to apply, and the plaintiff in the second suit is possessed of a different quality than in the first suit. (2) A judgment which maintains an exception merely based on defective or insufficient pleadings does not go to the merits of the controversy and cannot form the basis of the exception of res judicata in a subsequent proceeding.
Taking the contentions in order, we must first decide if the plaintiff stood with a different quality in this action from that in which he entered the previous proceeding. The plaintiff asserts that in the previous suit, the only issue actually decided, rightly or wrongly, was whether or not the plaintiff was the owner of the automobile and could sue in that capacity. The Court did not, according to the plaintiff, decide the other issues of whether or not plaintiff had a right to recover as assignee or subrogee, which the plaintiff states is a quality different from that of mere “owner”.
It appears to us, however, that these issues were decided upon by the Court in the previous case, as the plaintiff offered into evidence the mortgage and the mortgage note by Mrs. Reed in favor of the plaintiff, the alleged assignment of the automobile in payment of this note and mortgage to the plaintiff, and the motor vehicle dealer’s license, all of which are identical to the documents placed in this record. The Court received this evidence and referred the defendant’s objections thereto to the effect. Indeed the defendant had sought to limit the scope of the issue to the question of who was the record owner of the vehicle and had asserted in the trial memorandum that the pleadings did not encompass the plaintiff’s rights as mortgagee or subrogee. Plaintiff’s proof and memorandum árgti'Sd"liís rights as assignee of the automobile, as mortgagee, and as subrogee. The Court in dismissing the suit did not order an amendment to the pleadings pursuant to the requirements of Article 934 of the Code of Civil Procedure, in cases where the grounds of objection may be obviated by amendment to the petition, and this is further evidence that the Court considered all of the plaintiff’s contentions. It is apparent then that the qualities assumed by the plaintiff in this case were passed on by the Court in the previous suit.
The second argument of the plaintiff, that the judgment maintaining an exception based merely on defective pleadings or insufficiency of the pleadings does not go to the merits of the controversy is readily disposed of, because the argument is patently inapplicable. The decision in the prior proceeding has disposed of all that the plaintiff has alleged in this suit insofar as its capacity is concerned. This is not an attempt to apply the finality of the judgment on the issue of plaintiff’s interest to the issues of negligence, etc., which go to make up the merits of the larger controversy between the parties. The judgment maintaining the exception of res judicata is affirmed, the plaintiff to bear the costs of this appeal.
Affirmed.